**ILLINOIS BELL TELEPHONE COMPANY, Plaintiff,**

v.

**LOCAL UNION NO. 399 OF the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Defendant.**

Civ. A. No. P–3263.

United States District Court,
S. D. Illinois, N. D.

Aug. 27, 1971.

Homer W. Keller, Peoria, Ill., for plaintiff.

John E. Cassidy, Jr., Peoria, Ill., Robert E. Fitzgerald, Jr., Chicago, Ill., for defendant.

### DECISION AND ORDER ON MOTION TO STAY PROCEEDINGS

ROBERT D. MORGAN, District Judge.

The complaint herein is for damages for alleged violation by defendant of a collective bargaining agreement in an industry affecting commerce, as specifically authorized by Section 301 of the Labor-Management Relations Act (Title 29 U. S.C. § 185). Defendant, without filing an answer, has moved for a stay of proceedings in this suit to permit arbitration of the "dispute," as it contends is required by Article XXVII of the agreement attached to the complaint. It relies entirely for this position on Drake Bakeries, Inc. v. Local 50, Am. Bakery Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962), in which a District Court grant of a stay in such a suit was affirmed. Upon consideration of said motion and the opinion in *Drake Bakeries, supra,* in the light of the allegations of the complaint herein, including the agreement, it is apparent to this court that the motion for stay should be denied without oral hearing thereon, under the provisions of Rule 12(b) of the rules of this court.

The *Drake Bakeries* decision rested upon unusually broad and specific language in the collective bargaining agreement there, which was held to show an intention of the parties to provide application of the agreed grievance procedure on " * * * all complaints, all disputes and all grievances involving any act of either party, or any conduct of either party any relation between the parties directly or indirectly" (*Drake Bakeries, supra* at p. 258, 82 S.Ct. 1346), and on the fact that the employer there had itself initiated arbitration of the question of breach of contract and damages suffered by the company as a result of a previous strike (*Drake Bakeries, supra* at p. 260, 82 S.Ct. 1346).

While a "strike" was involved there, as here, the dissimilarity of the agreement and the facts alleged here, which at this stage and for this purpose must be taken as true, show that *Drake Bakeries* is completely inapposite.

Here, while Article XXVII of the agreement directs the grievance procedure on "any other grievance or dispute," as well as those over "interpretation or application of the terms or provisions of this Agreement," the procedure which follows shows clearly that a grievance must be initiated by "the employee or his steward" and makes no provision of any kind for employer initiation of grievances or for processing of a grievance on the part of the employer. The employer here clearly has not by the agreement attached to the complaint agreed to submit to arbitration the question of damages for a strike in violation of contract. It is noted that the Agreement here, by Article XXVII, Section 2 and Article XXVIII, does not provide for arbitration of all grievances, but only those involving "interpretation" or "application" of the terms of the agreement. As re-emphasized in *Drake Bakeries,* at page 256, 82 S.Ct. at page 1348, "A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

Based on the allegations of the complaint here, any failure of the grievance and arbitration provisions of the agreement to resolve disputes without interruption of work as contemplated by mature collective bargaining, came when employees allegedly "concertedly refused to work" with alleged union authority instead of utilizing the grievance procedure for resolution of the cause of their discontent. Responsible action on the part of both parties in conformance with the collective bargaining agreement they made is what both Section 301 and the *Drake Bakeries'* decision are all about. (See *Drake Bakeries, supra* at p. 263 ff, 82 S.Ct. 1346.)

Where, as here, the agreement does not provide for initiation of the grievance procedure by the employer, the employer must take such management action as it considers advisable and believes is permissible under the agreement. If an employee or employees or the union consider that the company has violated the agreement by such action, a grievance may be initiated by those on the union side of the agreement so believing, and it is their clear duty to do so rather than to violate a contract promise not to engage in a concerted work stoppage. If they do violate such promise, the Section 301 action is clearly available and should not be stayed for an arbitration proceeding which was not agreed upon.

Accordingly, it is ordered that defendant's Motion to Stay Proceedings be and it hereby is denied.

It is further ordered that defendant file its answer herein within twenty days from the date hereof.